IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NORTH CAROLINA PIPING & )
PROMOTIONAL FUND, JACK )
WEAVER, JEFF MORGAN, and FRANK )
STARK, as Trustees of the aforesaid Fund, )
                                                                     )       1:11CV248
      Plaintiffs, )
)
v. )
)
JOHNSON CONTROLS, INC., )
)
      Defendant. )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant Johnson Controls, Inc.'s ("Defendant") motion to dismiss for failure to join necessary and indispensable parties. (Docket Entry 28.) Plaintiffs North Carolina Piping and Promotional Fund, Jack Weaver, Jeff Morgan, and Frank Stark, as Trustees of the aforesaid Fund ("Plaintiffs"), have filed a response (Docket Entry 31) and Defendant has replied (Docket Entry 33). On December 18, 2013, a motion hearing was held and parties were permitted to file supplemental briefings. (Docket Entries 38 and 39.) Also before the Court is Defendant's motion to supplement the record (Docket Entry 36) and Plaintiffs' motion to strike. (Docket Entry 40.) For the following reasons, the Court will deny Defendant's motion to supplement the record, deny Plaintiffs' motion to strike, and recommend that the Court deny Defendant's motion to dismiss for failure to join necessary and indispensable parties.

## I. BACKGROUND

On March 30, 2011, Plaintiffs filed this action against Defendant alleging breach of contract for unpaid contributions owed pursuant to collective bargaining agreements, related agreements and applicable schedules. (*See* Compl., ¶¶ 22-27, Docket Entry 1.) Plaintiff North Carolina Piping & Promotional Fund ("Fund") is a non-ERISA employee benefit fund that is a beneficiary of the 2004 National Collective Bargaining Agreement ("2004 NCBA"), the Local 421 and Mid-Atlantic MCA ("MCA") local agreements ("Working Agreements"), and the applicable schedules to the Working Agreements. (*Id.* ¶¶ 1, 24.) In March 2004, Defendant and the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO ("UA") entered into a national collective bargaining agreement, the 2004 NCBA, which requires Defendant to pay wages and certain fringe benefit contributions to certain employees represented by the agreement. (*Id.* ¶ 11.) Specifically, Article X of the 2004 NCBA requires Defendant to make fringe benefit contributions for all covered employees who are "Journeymen" or "Apprentices" pursuant to the Working Agreements between the local union of the UA, Local 421, and the historically recognized local contractor's bargaining group, the MCA. (*Id.* ¶¶ 12-13; *see also* Ex. A to the Compl. at 10-11, Docket Entry 1-1; Ex. B to the Compl., Docket Entry 1-2.)

Plaintiffs allege that the Working Agreements and applicable schedules require Defendant to make a monthly contribution for journeymen and apprentices to employee benefit funds, including Plaintiff. (Compl. ¶¶ 15-16.) Defendant alleges that since 2004, it has made wage and fringe benefit payments in accordance with Schedule A of the 2004

2

NCBA as required and that the 2004 NCBA does not require payment to Plaintiff. (Decl. of George F. Mullane ¶¶ 6-7, Docket Entry 30; Def.'s Mem. at 2-3, Docket Entry 29.) Defendant asserts that the 2004 NCBA governs its relationships with employees and benefit funds rather than the MCA schedule. (Def.'s Mem. at 2-3.)[1]

## II. STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(7), the Court must first determine whether there should be joinder of an absent party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. *RPR & Assoc. v. O'Brien/Atkins Assoc., P.A.*, 921 F. Supp. 1457, 1463 (M.D.N.C. 1995), *aff'd sub nom., RPR & Assoc., Inc. v. O'Brien/Atkins Assoc., P.A.*, 103 F.3d 120 (4th Cir. 1996). Rule 19(a) determines which parties are "necessary" and states:

> (a) Persons Required to Be Joined if Feasible.
> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). Rule 19(b) sets out which parties are "indispensable" and states:

---

[1] The parties were ordered to provide additional information concerning the relationship between the parties at issue and the contracts at issue. (*See generally* Docket Entries 38 and 39.)

3

(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

The Fourth Circuit has held that "[o]nly necessary persons can be indispensable, but not all necessary persons are indispensable." *Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1285-86 (4th Cir. 1994). "If the court finds that the party is indeed necessary, the party will be ordered into the action. When the absent party cannot be joined, the court will determine . . . whether to proceed without the absent party or to dismiss the action." *RPR & Assoc.*, 921 F. Supp. at 1463 (footnote omitted). The party raising the defense bears the burden of proof. *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). "Although framed by the multi-factor tests of Rule 19(a) & (b), 'a decision whether to dismiss must be made pragmatically, in the context of the substance of each case, rather than by procedural formula.'" *Teamsters Local Union No. 171 v. Keal Driveway Co.*, 173 F.3d 915, 918

(4th Cir. 1999) (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 n.16 (1968)). Dismissal under Rule 12(b)(7) is a drastic remedy, thus the Court "must examine the facts of the particular controversy to determine the potential for prejudice to all parties, including those not before it." *Id.* (citing *Schlumberger Indus., Inc. v. National Sur. Corp.*, 36 F.3d 1274, 1285-86 (4th Cir. 1994).

## III. DISCUSSION

Defendant seeks dismissal of Plaintiffs' claims under Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join necessary and indispensable parties. (Def.'s Mem., Docket Entry 29.) Defendant states:

> Plaintiffs' claims rise and fall on their ability to invalidate the NCBA Schedule (requiring more generous wage and benefit payments to employees represented by the UA) and to substitute an alternative wage and benefit schedule – the MCA Schedule (which would require contributions to be made to the Plaintiff Fund but requires less generous wage and benefit payments to employees represented by the UA).

(*Id.* at 3-4.) Defendant argues that without joinder of all parties to the agreement and various third-party beneficiaries[2] of the 2004 NCBA, resolution of this matter "will potentially impair the interests of [Defendant's] employees and will, at minimum, subject [Defendant] to substantial risk of incurring double, multiple, or inconsistent obligations" in contravention of Civil Procedure Rule 19(a)(1)(ii). *Id.* at 4; *see also* Fed. R. Civ. P. 19(a)(1(ii). Defendant further argues that if the Court invalidates the 2004 NCBA, it will need to "stop paying unionized employees at the more generous wages" and "will seek the return of any

---

[2] Defendant includes third-party beneficiaries such as Local 421 Health and Welfare Trust Fund, the Local Union Joint Training Fund, the Local 421 Pension Trust Fund, the Plumbers and Pipefitters of the Carolinas Pension Annuity Trust Fund, the National Pension Fund, the Education Fund, the Labor/Management Fund, the Vacation Fund, and the International Training Fund. (Def.'s Mem., Docket Entry 29 at 4.)

5

overpayments of wages and benefits that it has already made." *Id.* Plaintiffs contend that they are only seeking contribution payments pursuant to the outlined contractual agreements as written and that "payment of these contributions does not require a wholesale substitution of Local Schedule A for the National Schedule A nor does it require invalidation of National Schedule A." (Pls.' Resp. Br. at 3, Docket Entry 31.)

The majority of Defendant's argument focuses on the likelihood of it being subject to multiple obligations as a result of failing to join the non-parties. Defendant briefly addresses concerns of prejudice to the non-parties and their inability to interpret the contract which they agreed upon without being present in the case. Defendant's argument rests heavily on prior court rulings which have held that parties to a contract are necessary parties. *See Delta Fin. Corp. v. Paul D. Comanduras & Assoc.*, 973 F.2d 301, 305 (4th Cir. 1992) ("[C]ases are virtually unanimous in holding that in suits between parties to a contract seeking rescission of that contract, all parties to the contract, and others having a substantial interest in it, are necessary parties."); *Teamsters Local Union No. 171*, 173 F.3d at 918 ("[T]he very purpose of [Plaintiff's] suit is to vacate the contract interpretation for which [non-party] fought.").

Although the Court recognizes precedence as it relates to contractual parties, the Court does not need to analyze this principle in this matter. This case has lingered for some time, yet the record fails to reflect a showing that any of the nonparties which Defendant seeks to join claims an interest in this pending action. *See* Fed. R. Civ. P. 19(a) ("A person ... must be joined as a party if ... *that person claims an interest* relating to the subject of the action . . . ." (emphasis added)); *Am. Gen. Life & Accident Ins. Co.*, 429 at 93 (affirming district court's determination that "[absent party] had not claimed an interest in the federal action, and

therefore, joinder was not required under Rule 19(a)(2)"); *Barnhardt v. Scottsdale Ins. Co.*, Case No. 1:13CV637, 2014 WL 98803, at *3 (M.D.N.C. Jan. 9, 2014) (unpublished decision) (nonparty has not "expressed any interest in joining this lawsuit."); *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) ("Subparts (i) and (ii) [of Rule 19(a)(2)] are contingent . . . upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action."). There is no indication in the record of any claimed interest by the non-parties in this action.

Moreover, there is no evidence in the record that sheds light on whether the non-parties are subject to service of process or whether joinder of the non-parties would deprive the Court of its subject-matter jurisdiction in this case. *See* Fed. R. Civ. P. 19(a)(1) ("A person who is *subject to service of process* and whose *joinder will not deprive the court of subject-matter jurisdiction* must be joined as a party if . . .") (emphasis added). At this time, the Court cannot make a proper determination of such. *Pudela v. Swanson*, Case No. 91 C 3559, 1996 WL 754106, at *4 (N.D. Ill. Dec. 31, 1996) (unpublished decision) ("[A]lthough the identities of other potential claimants are known to the parties, neither side has shed light on the question whether these [non-parties] are subject to service of process.") The burden of proof rests with Defendant as the moving party. *Am. Gen. Life & Acc. Ins. Co.*, 429 F.3d at 92. Here, Defendant has failed to meet the burden, therefore, its motion to dismiss for failure to join necessary and indispensable parties should be denied.

*Other Pending Motions*

The Court will deny Defendant's motion to supplement the record. The Court finds the supplemental information to be irrelevant to the pending issue of whether Plaintiff failed

to add necessary and indispensable parties. Also, in the Court's discretion, Plaintiffs' motion to strike will be denied. The Court notes that the scope of the Court's request for supplemental briefing was limited to the relationship between the parties and the interplay with the contracts at issue. Therefore, information presented by Defendants which exceeds that scope is not appropriate for the Court's consideration in the pending motion to dismiss.

## IV. CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Docket Entry 28) be **DENIED**. **FURTHERMORE, IT IS HEREBY ORDERED** that Defendant's motion to supplement the record (Docket Entry 36) is **DENIED**, and Plaintiffs' motion to strike (Docket Entry 40) is **DENIED**.

*[signature]*
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
February 20, 2014